## Swartley's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the adjudication of

SINKLER, J., Auditing Judge.—R. Edward Swartley died May 31, 1932, intestate and without issue, leaving a sister, Eva Swartley, and a niece, Jane Marie Swartley, the latter being a minor of whose estate William F. Scheufele has been appointed guardian by decree of this court.

Blanche Swartley claims to be the widow of the decedent, but this claim is denied by the other parties in interest.

Letters of administration were granted to Integrity Trust Company on June 30, 1932, and proof of advertisement of notice thereof was submitted to me and is hereto annexed.

Mrs. Blanche Swartley, or Goldstone, claimed her right as widow of the decedent, alleging that she was his common-law wife. She appeared as a witness on her own behalf, and no question was raised as to her competency. She testified that she and the decedent had been friends for a number of years prior to August 29, 1912. On or about that date decedent proposed marriage, and, she agreeing, he said to her: "Let us get married right now, you take me as your husband," and she said: "I take you as my husband". He said: "We are man and wife", and kissed her. She testified that they continued to live as husband and wife, occupying the same residence with her two children of a former marriage until some time about the middle of October 1920. In support of her claim, her two sons, Roy B. Wetherill and James Wetherill, testified that the claimant and the decedent occupied the same room and lived as man and wife. The family physician, his assistant, and seven other friends and neighbors like-

wise testified in support of her claim. Twelve witnesses appeared in opposition to her claim. There was also offered in evidence in opposition to the claim an affidavit in proceedings in the municipal court instituted by the claimant. In that affidavit she stated that she was the common-law wife of the decedent, and that the decedent, on a date not specified, separated himself from her and neglected to maintain her. According to the notes of testimony taken at the hearing, when asked if she were married, she replied in the negative. She also testified that there was no agreement between the claimant and the decedent that she was to be known as his wife. She said: "No; we were to get married." There was also introduced in evidence an affidavit signed Blanche Goldstone dated June 21, 1921, in respect of the issuance of a policy of title insurance, which contained the averment that she is a widow and unmarried. Likewise, there is an affidavit dated March 24, 1922, signed by Blanche Wetherill, in which she avers that she is the widow of Soloman Goldstone and that since his death she assumed her maiden name. This affidavit was apparently made in connection with a deed executed on that date as Blanche Wetherill, a widow, conveying certain premises to one Martin C. Welsh and wife. There was also offered in evidence a postal card addressed to one Shortlidge, signed B. Wetherill, 1125 Wilson Drive. During the time that she claimed she was living as the wife of the decedent, the telephone was listed in the name of Blanche Wetherill. On March 17, 1930, she signed a lease of premises in Llanerch Hills, Delaware County, as Blanche Wetherill, a widow.

By this evidence, I am convinced that the claim should be dismissed. The claimant cannot be an unmarried woman for one purpose, or several purposes, and the common-law wife of the decedent for the purpose of claiming his estate. Even were there any doubt in my mind upon consideration of the testimony offered, the evidence which I have just considered would render my conclusion beyond possible doubt. The claim is dismissed.

*Max Aron* and *Arthur M. Cooper*, for exceptant; *Edwin Booth*, contra.

HENDERSON, J., October 27, 1933.—The auditing judge has found as a fact that this claimant was never married to the decedent. His findings are amply supported by the evidence. The exceptions are dismissed and the adjudication is confirmed absolutely.